[Civil No. 2622. Filed July 5, 1927.]

[257 Pac. 982.]

FEDERAL MUTUAL LIABILITY INSURANCE COMPANY, a Corporation, Petitioner, v. THE INDUSTRIAL COMMISSION OF THE STATE OF ARIZONA and R. B. SIMS, BURT H. CLINGAN and H. S. McCLUSKEY, Members of Said THE INDUSTRIAL COMMISSION OF THE STATE OF ARIZONA, Respondents.

Messrs. Melliss & Howard, for Petitioner.

Mr. John J. Taheny, for Respondents.

LOCKWOOD, J.—This matter has been before us previously in the case of *Federal Mutual Liability Insurance Co.* v. *Industrial Commission,* 31 Ariz. 224, 252 Pac. 512. Therein we held the Commission had awarded compensation under the wrong section of the statute (Laws 1925, chap. 83) and reversed the award. A new award was made, based ostensibly upon the subdivision of section 70 of the act which we held applied to cases of this nature, and petitioner has again brought the matter before us, claiming the Commission erred in this award even more grievously than in the first one.

The facts necessary for an understanding of the case are very simple. George Roberts, while working for the Salt River Valley Water Users' Association, received injuries resulting in his death. It is admitted these injuries arose out of and in the due course of his employment. He left surviving him a father and mother, and after the first award was set aside an award was made for them as partial dependents, under subdivision 6, section 70, of the Workmen's Compensation Act. The award was of fifteen per cent of the average monthly wage of the deceased for the life of the parents, or the survivor of them, and this award was commuted under section 76 of the act to a lump sum. The sole question involved in this appeal is whether or not the compensation allowed should have continued for the life of the parents, as held by the Commission, or only for the period of one hundred months, as contended by petitioner. In determining this it is necessary that we consider subdivisions 6 and 7 of the act, which read as follows:

"6. If there be no surviving wife (or dependent husband) or child under the age of eighteen years, there shall be paid to a parent, if wholly dependent for support upon the deceased employee at the time of his death, twenty-five per centum of the average monthly wage of the deceased during dependency, with an added allowance of fifteen per centum if two dependent parents survive; to the brothers or sisters under the age of eighteen years, if one is wholly dependent upon the deceased employee for support at the time of injury causing death, twenty-five per centum of the average monthly wage for the support of such brother or sister, until of the age of eighteen years. If more than one brother or sister is wholly dependent, thirty-five per centum of the average monthly wage at the time of injury causing death, divided among such dependents share and share alike. If there is no one of them wholly dependent, but one or more partly dependent, fifteen

per centum divided among such dependents share and share alike.

"7. In all other cases, questions of total or partial dependency shall be determined in accordance with the facts as the facts may be at the time of the injury. If the deceased employee leaves dependents only partially dependent upon his earnings for support at the time of the injury causing his death, the monthly compensation to be paid shall be equal to the same proportion of the monthly payments for the benefit of persons totally dependent as the amount contributed by the employee to such partial dependents bears to the average wage of deceased at the time of the injury resulting in his death. The duration of such compensation to partial dependents shall be fixed by the commission in accordance with the facts shown, but in no case exceed compensation for one hundred months."

It is argued by petitioner that the language in the last sentence of subdivision 7, that "the duration of such compensation to partial dependents shall be fixed by the commission in accordance with the facts shown, but in no case exceed compensation for one hundred months," applies to this case. It is, of course, the cardinal rule of construction of this, as of other statutes, that the intent of the legislature should prevail. *Federal Mut. Life Ins. Co.* v. *Industrial Com., supra.*

On examining the act as a whole there are certain features which stand out prominently therein. First, it is highly remedial in its character, and is intended to be construed liberally for the benefit of those coming under its protection. Second, the period for which compensation is allowed, whenever that period is specifically designated, except as limited in subdivision 7, *supra,* is the entire period of dependency. Section 70 of the act divides dependents into classes in the order of their apparent importance, as follows: (a) A widow; (b) a widower; (c) children; (d) parents; (e) brothers and sisters; and

(f) all others. The compensation for the widow is to be paid until her death or remarriage. Obviously this period was fixed on the theory that compensation should continue for the full period of dependency. Class (b) is governed by the same plain rule. In class (c) compensation ceases at the age of eighteen or marriage of the child, providing, however, that if, at the age of eighteen, it is not capable of self-support, compensation continues until it attains such capacity. This also shows the intent to be to cover the entire period of dependency. For class (d), if the dependency is total, compensation continues during the full period thereof. With class (e), under the same circumstances, it extends to the age of eighteen. It is evident that for all these classes the legislature, when it has expressly fixed the time of compensation, has declared it to be coterminous with what would have been the entire period of dependency, either actual or assumed by law, had the deceased lived. No reason appears in either the language or spirit of the act why, when the dependency is partial only, the rule for the two classes of dependents last named should be changed.

It further appears that section 70, in dealing with the different classes of dependents, does not carry over a class from one subdivision into another anywhere in express terms, but deals with it entirely in the one subdivision. Since it does not carry any class over expressly, it seems to us the ordinary rule of logical construction would be that it did not do so impliedly. Elements of Composition and Rhetoric, Waddy, p. 256. According, also, to the rules of grammatical construction, the sentence relied upon by petitioner does not cover dependent parents. Applying the rule of ''last antecedent,'' the last sentence of paragraph 7 refers to ''all other cases'' found in paragraph 7. Lewis' Sutherland, Statutory Construction (2d ed.), §§ 420–422. It is true we have previously

held that the doctrine of "last antecedent" cannot prevail against the obvious intent of the legislature; but, when it harmonizes with the result reached by every other canon of construction, it can at least be considered in determining the question.

Again, in considering the amount of benefits allowed to each class of dependents, it appears that they decrease as the remoteness of the beneficiary in point of relationship to the deceased increases. Widows and widowers receive the highest benefits, children next, then parents, then brothers and sisters, and then "all others," who necessarily are more remote in relationship than any of the classes named. It would be a very natural corollary that the legislature, when reaching this last class, should not only limit the amount of the compensation, but its duration, for both the moral right to support and the likelihood of its continuance is not so great as the closeness of the blood tie lessens. On the other hand, it is plain the dependency of parents will presumably grow greater with increased age, while the moral obligation of the child to support them grows stronger, and it would be somewhat inconsistent that a statute whose very purpose was to protect dependents should take away that protection just at the time when it was most needed.

As against all these reasons, the only one of serious import suggested by petitioner is that the legislature did not *expressly* provide that compensation for parents partially dependent should extend during such dependency, while it did so for total dependency. We do not think that this one omission can be balanced against the positive *indicia* of a contrary intent, found in so many places in the act. We therefore hold that compensation for partially dependent parents, like that for those totally dependent, extends during the period of dependency.

Such being the case, the Commission, under section 76 of the act, authorizing a commutation of benefits to a lump sum, was justified in following the rule for ascertaining the present worth of monthly payments which would presumptively last during the period of life expectancy, in determining the amount to be paid as such commutation. It has not been suggested to us that, if this were the correct method of determining the commuted value of the compensation, its computation was wrong.

The award of the Industrial Commission is therefore affirmed.

ROSS, C. J., and McALISTER, J., concur.