[Civil No. 3744. Filed March 22, 1937.]

[66 Pac. (2d) 235.]

LOUISA AUGUSTA ULBRICH, Petitioner, v. TOVREA PACKING COMPANY, a Corporation (Defendant Employer), THE INDUSTRIAL COMMISSION OF ARIZONA (Defendant Insurance Carrier), Respondents.

Mr. Paul J. Feehan, for Petitioner.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Respondent The Industrial Commission of Arizona.

McALISTER, C. J.—The application of Louisa Augusta Ulbrich for compensation as a dependent of Karl Ulbrich was denied by the Industrial Commission and she has brought the award here for review.

The facts upon which the commission acted are these: The petitioner and Karl Ulbrich were married in Germany in 1922 and were the parents of a daughter, Charlotta, born the same year. They came to America a year or two prior to 1930 and lived in Prescott and Jerome until 1931 or 1932 when they moved to Phoenix where he entered the employ of the Tovrea Packing Company and was working on September 11, 1935, when he received in the course of his employment an accidental injury from which he died twelve days later. About ten weeks prior thereto or on July 8th, the petitioner had been divorced from him on the ground of desertion, but the decree made no provision for alimony or for support of the child, Charlotta. The testimony in her behalf, however, was that both were omitted at his request and upon his promise and agreement that he would give the petitioner one-half of his earnings for the support of her and their minor daughter, and it appears from her testimony that he complied with this agreement up to the date of his death. The Industrial Commission awarded the daughter, Charlotta, a death benefit of 25% of his average

monthly salary of $96.20, or $24.05 a month, but denied the petitioner compensation upon the ground that at the time of his death she was neither his wife nor legally dependent upon him. Her principal contentions are, first, that a divorced wife may, within the meaning of the Workmen's Compensation Law of this state, be a dependent of her divorced husband, and, second, that she comes within this class. She does not take the position that she was entitled to compensation as the divorced wife of deceased, but that she was, as a result of his pre-divorce promise to care for her, an actual legal dependent of his and should, for this reason, have been awarded compensation.

Her contention is based upon the meaning, she claims, should be given section 70 (A), chapter 83 of the Session Laws of 1925, and the revision thereof as it appears in section 1438 of the Revised Code of 1928. The act, both as passed originally and as revised, provides that when an injury causes death compensation shall be paid to and for the benefit of the following relatives: (a) widow without children; (b) widower without children; (c) widow or widower with children; (d) children without parents; (e) parents; (f) sisters and brothers. Following this enumeration in the original act was subdivision 7, which provides for another class in this language:

"7. In all other cases, questions of total or partial dependency shall be determined in accordance with the facts as the facts may be at the time of the injury. If the deceased employee leaves dependents only partially dependent upon his earnings for support at the time of the injury causing his death, the monthly compensation to be paid shall be equal to the same proportion of the monthly payments for the benefit of persons totally dependent as the amount contributed by the employee to such partial dependents bears to the average wage of deceased at the time of the injury resulting in his death. The duration of such compensa-

tion to partial dependents shall be fixed by the commission in accordance with the facts shown, but in no case exceed compensation for one hundred months.''

The first four words of this subdivision, ''In all other cases,'' were, the petitioner argues, added to the enumeration of those who may take compensation to provide that anyone other than those especially enumerated, whether more distantly related to the deceased than they or whether bearing no relation at all to him, may, when shown to be either totally or partially dependent upon him, be awarded compensation. This position, of course, recognizes the fact that after being divorced she was no longer a presumed dependent but that her claim must be maintained, if at all, upon the ground that she was a dependent in fact and, therefore, within the class the legislature had in mind when it provided that ''in all other cases'' the question of total or partial dependency should be determined in accordance with the facts as they existed at the time of the injury. In *Federal Mutual Liability Ins. Co.* v. *Industrial Com.,* 32 Ariz. 293, 257 Pac. 982, 984, decided in 1927, it was held that the language ''in all other cases'' referred to dependents other than those enumerated in the previous subdivisions of that section, the following language being used:

''Section 70 of the act divides dependents into classes in the order of their apparent importance, as follows: (a) A widow; (b) a widower; (c) children; (d) parents; (e) brothers and sisters; and (f) all others. . . .

''Again, in considering the amount of benefits allowed to each class of dependents, it appears that they decrease as the remoteness of the beneficiary in point of relationship to the deceased increases. Widows and widowers receive the highest benefits, children next, then parents, then brothers and sisters, and then 'all others,' who necessarily are more remote in relationship than any of the classes named.''

However, in the revision of 1928 the first four words of subdivision 7, *supra,* "In all other cases," were eliminated, the sentence in which they appear being modified to read as follows: "Questions of dependency shall be determined according to the facts as of the time of the injury," section 1438, Revised Code of 1928, and respondents contend that the purpose and effect of this change in language was to provide that only those enumerated in the subdivisions preceding number 7 may be legal dependents of the deceased, that is, widows, widowers, children, parents, and brothers and sisters. Whether by this modification the legislature intended to confine dependents to the five classes of relatives specified and thus overcome the holding of this court in *Federal Mutual Liability Ins. Co.* v. *Industrial Com., supra,* it is unnecessary to determine under the facts of this case, though it might be well to suggest that in our view it is at least doubtful if such was the purpose, because it is difficult to believe that the legislative intention was, for instance, that grandparents, a mother-in-law, father-in-law, or even a child bearing no relation at all, who, the facts disclose, had been supported by the deceased and were actually dependent upon him, could not be legal dependents.

The fact that the revision of subdivision 7 may not have had the effect of limiting dependents to the classes enumerated is immaterial in this case, however, because the petitioner, even though it did not have that result, could not, under the facts and the law take as a dependent because their child, Charlotta, was properly awarded compensation, and, since there could be no widow after the divorce, all other possible dependents were excluded, the various subdivisions of the paragraph enumerating the classes entitled to death benefits being exclusive and not cumulative, that is, those mentioned in one class do not carry over

into another. If there be, first, a widow, she is entitled to 35% of the average wage of the deceased, and when there are children under eighteen years of age, 15% additional for each child up to 66⅔% of the deceased's wages, and all others are excluded; if there be, second, a dependent husband with or without children, he takes the same as the widow, and all others are excluded; if there be, third, a child under eighteen years of age, but no surviving wife or dependent husband, there shall be paid 25% and 15% for each additional child up to 66⅔% of the deceased's average wages, and all others are excluded; if there be, fourth, no surviving wife, dependent husband or child under the age of eighteen years, a parent, if wholly dependent, takes 25% with 15% additional for both parents, and all others are excluded; if, fifth, a brother or sister under eighteen, wholly dependent, he or she takes 25% and if more than one 35%, divided share and share alike, and all others are excluded. Such was the effect of the following language in *Federal Mutual Liability Insurance Co.* v. *Industrial Commission, supra*:

"It further appears that section 70, in dealing with the different classes of dependents, does not carry over a class from one subdivision into another anywhere in express terms, but deals with it entirely in the one subdivision. Since it does not carry any class over expressly, it seems to us the ordinary rule of logical construction would be that it did not do so impliedly."

█ There can be no question, therefore, but that by the language, for instance, "If there be no surviving wife (or dependent husband) or child under the age of eighteen years, there shall be paid to a parent," etc. (subdivision 6), the legislature intended to provide that no parent may be paid death benefits when there is a widow, a child or dependent widower of the deceased entitled to them also, and this being true, it

is equally clear that no one of those falling within subdivision 7 denominated "all others," meaning persons still further removed from the deceased in relationship than parents, or those bearing him no relation at all, may do so under the same circumstances. In *Ex parte Todd Shipbuilding & Dry Docks Co.*, 212 Ala. 477, 103 So. 447, 449, the court considered the classification phase of a statute quite similar in meaning to that of Arizona, and in holding that a grandmother, one of a postponed class, was not entitled to death benefits when a member of a preferred class, a mother, was not entitled to the statutory maximum used this language:

"We think it is reasonably clear that these statutes do not intend that compensation shall be payable concurrently to more than one of the classes or grades of relatives provided for in section 7556. It is supplemented by section 7553, which makes clear the order in which they are entitled to receive compensation, especially, of course, in cases where there are more than one dependent of the same class, as father and mother, grandfather and grandmother, brother and sister, or father-in-law and mother-in-law.

"The contrary view proceeds upon the erroneous assumption that section 7558 fixes $12 per week as the total compensation to be paid out to dependents, at all events, until it is exhausted. But, on the contrary, $12 is not fixed as the gross compensation to be paid by the defendant, but is merely a limitational restraint upon the percentages of weekly wages allowed to the several classes of dependents under section 7556."

In *Winchester* v. *Stanton-Wallace Const. Co.*, 124 Kan. 458, 260 Pac. 614, the Supreme Court of Kansas took the opposite view in construing a statute similar to that of Alabama in that it provided for a maximum to be paid in death benefits. It held that one class of dependents does not take to the exclusion of another and that as long as the maximum in death benefits which the law allows is not used in making payments

to one class those of another and further removed group can take until the maximum is exhausted. Both decisions, however, were based on a provision not found in the law of Arizona, namely, that placing a maximum on the amount to be paid in death benefits, and in the absence of such a provision there is no basis for the contention that all classes, or more than one class, is entitled to death benefits, because it is apparent that the amount paid to satisfy these might in many cases easily exceed the actual wages of the deceased, and it is clear that no such result was ever contemplated by those responsible for the enactment of the Workmen's Compensation Law (Rev. Code 1928, § 1391 et seq., as amended).

The petitioner contends that if the divorce decree had awarded her alimony she would have been a legal dependent and that since this was not done because the deceased, not wanting it incorporated therein, promised and agreed with her just before the divorce trial that he would pay her each month one-half of his earnings for the support of her and their daughter, Charlotta, and that he lived up to this agreement until his death, she was a dependent to the same extent she would have been had alimony been awarded. It is unnecessary to discuss this position, however, because, even though it is true, the fact that one closer in relationship to the deceased than she was awarded compensation stood, under the law of Arizona, as an impassable barrier to the realization of her claim for compensation.

The conclusion of the Industrial Commission was correct. Its award is, therefore, affirmed.

ROSS and LOCKWOOD, JJ., concur.