208 P.2d 652

**WEAVER et al. v. MARTORI et al.**

No. 5136.

Supreme Court of Arizona.

July 18, 1949.

Rehearing Denied Sept. 21, 1949.

Lewkowitz & Wein and Charles C. Stidham, Phoenix, for petitioners.

H. S. McCluskey, Phoenix, Robert E. Yount, Phoenix, of counsel, for respondents.

UDALL, Justice.

Petitioner Robert R. Weaver, as guardian for Eugene Chapanar (also known as Eugene Robert Comanitz), a minor, brings before us for review an award of The Industrial Commission of Arizona denying compensation to said minor. The parties will hereafter be referred to as petitioner, minor, and Commission, respectively.

The injury not being disputed, the sole assignment of error is that the Commission erred in finding that the minor was not employed by respondent Martori Bros. at the time of the accident. Some of the propositions of law advanced by the parties demand a recitation of the facts, particularly the steps taken by the minor's representatives to secure damages or compensation for the minor.

The accident occurred in Phoenix on Sunday, July 9, 1945 at 3 p. m. at the Isabell-Hartner Packing Shed, which shed was being operated by the Martori Bros. Distributors, processors of vegetable products, hereafter referred to as the respondent. The minor, who was eleven years old at this time, was engaged in placing, or "kicking" cantaloupes onto a conveyer to be conveyed to a bin. He slipped and fell into the conveyer, and by reason thereof suffered a double fracture of the middle of

the left tibia, a fracture of the right tibia, and abrasions on both legs.

The Superior Court of Maricopa County on September 24, 1945, entered an order appointing Victoria Chapanar, the mother of said minor, as his guardian ad litem, and upon the same date she filed a complaint against the respondent for compensatory damages in the sum of $25,000 and medical expenses. The case was removed to the Federal court on respondent's motion and the Commission was later made a party to the action. Following our decision in the case of S. H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 182 P.2d 931, 936, which held that the Workmen's Compensation Act afforded the exclusive remedy for injuries resulting to an illegally employed minor, a motion for summary judgment which had been filed by the respondents previously was granted, and an order of dismissal was entered by the court. The Commission suggests that the filing of this suit constituted an election of remedies under Section 56-950, A.C.A.1939, and that the minor, acting through petitioner, had no right to file the instant claim for compensation. If we were dealing with the rights of an adult, or of minors who under Section 56-974, A.C.A.1939 are deemed sui juris, this contention would be sound. However such a claim cannot be sustained as to this minor because the powers of the guardian ad litem then representing him are especially limited in the right of election as stated in 43 C.J.S., Infants, § 111(a): "Election for infant. Neither a guardian ad litem nor a next friend may make an election for an infant without the consent of the court; but it may be done with such consent."

Here there is no evidence of a court sanctioning such an election.

It further appears from the record that during the pendency of the suit in the Federal court Victoria Chapanar, as mother and guardian ad litem for Eugene Chapanar, filed with the Commission on December 13, 1946, a claim for compensation which was denied on the grounds that; (1) the filing of the suit was an election of remedies; and (2) the claim was not filed within one year after the injury. The filing and rejection of this claim is of no legal significance, even though no appeal was taken therefrom, for the reason that Victoria Chapanar neither as mother or guardian ad litem had any authority to present such a claim. We reiterate our holding in the Kress case, supra, to the effect that "illegally employed minors must be represented by a guardian before The Industrial Commission at all times" and hold that the guardianship referred to therein means a regularly appointed guardian of a minor's estate and not a natural parent or a guardian ad litem.

The petitioner, Robert R. Weaver, was appointed guardian of this minor's estate on July 30, 1947, qualifying upon the same date. He prepared the instant

claim for compensation filing it with the Commission on August 1, 1947. It is urged that this filing, made more than two years after the occurrence of the accident, was not timely and therefore the claim was barred because it was not "filed within one (1) year after the day upon which the injury occurred or the right thereto accrued." Section 56-967, A.C.A.1939. We hold that the limitation of time prescribed by our Workmen's Compensation Law for the filing of a claim by an employee thereunder is tolled during the disability of infancy and that the limitation does not begin to run against a minor until either a guardian has been appointed or the infant becomes sui juris, whichever shall first occur. Lineberry v. Town of Mebane, 219 N.C. 257, 13 S.E.2d 429, 142 A.L.R. 1033; Allen v. St. Louis-San Francisco R. Co., 338 Mo. 395, 90 S.W.2d 1050, 105 A.L.R. 1222. Texts: 71 C.J., Workmen's Compensation Acts Section 799 and 8 Am. Jur., Workmen's Compensation, Section 418.

The most vital issue raised in the case is whether the minor was an employee of the respondent. The benefits accruing under the Workmen's Compensation Law are available only to a claimant "who is injured by accident arising out of and in the course of employment". Section 56-936, A.C.A.1939.

As to the employment of the minor the evidence is in sharp conflict. The minor testified that he was directly employed by the foreman Walt Woodruff at a definite and fixed hourly wage, and that he worked Saturday afternoon and on Sunday until the accident occurred. The mother's testimony is to the effect that Woodruff, when he advised her of her son's injury and hospitalization, told her of the employment and what wage was to be paid. Controverting claimant's testimony from these interested witnesses there was before the Commission evidence showing that the boy's name did not appear upon any payroll checks; that no money had ever been paid him, and that no effort had been made to collect any wages for him. There was other testimony that children hung around the shed all of the time; also that one man only was needed to handle the job at the place where the minor was injured; and that a Fred Gage had been working there all that day. Although the foreman was deceased at the time of the hearings, there were other employees who testified, one of whom stated that on the morning of the accident he heard a conversation between the minor and the foreman and that the latter said "I can't use you, son, you are too young, the Industrial Commission wouldn't permit it, I will not stick my neck out." There was further testimony by the foreman's son to the effect that his father had said the night before that the Chapanar boy was too young to work in the shed. It is not our prerogative to weigh the testimony, but we hold that there is sufficient evidence in the record to sustain the Commission's finding

that the minor was not an employee of the respondent at the time of injury. Our invariable rule is not to disturb the findings of the Commission where the evidence is conflicting upon the facts found. No citation of authority is deemed necessary on this well established principle. Therefore the award denying compensation must stand unless the petitioner's plea of estoppel can be sustained.

It should be pointed out at this time that petitioner based his claim squarely on direct and not on implied employment, hence the case cannot now be determined on any theory of implied employment.

It is maintained that estoppel arose from the respondent Martori Bros.' amended answer filed in the Federal court suit, supra, in which there was directly alleged as its fifth defense " * * * that said plaintiff, Eugene Chapanar, at all times referred to in his complaint was employed by said defendants, and, as such employee, was covered by such insurance and entitled to the benefits accruing under said Workman's Compensation Law and said policy of insurance. * * *"
and the further fact that the motion for summary judgment was predicated upon this defense. The petitioner urges that the respondent, having succeeded in procuring a dismissal of the damage action upon the grounds that the minor was its employee, now, in these proceedings before the Industrial Commission cannot be heard

to say that the employer-employee relationship does not exist. This contention might be well and good were it not for the fact that the guardian ad litem's complaint in the civil suit was based on the allegation that the minor was an employee of the respondent.

■ Our opinion in City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 1180, 102 A.L.R. 837, succinctly states the rule governing estoppel: "The essential elements of estoppel are that plaintiff, with knowledge of the facts, must have asserted a particular right inconsistent with that asserted in the instant action, *to the prejudice of another who has relied upon his first conduct.*" (Emphasis supplied.) See also Moore v. Meyers, 31 Ariz. 347, 253 P. 626.

And in the case of West Chandler Farms Co. v. Industrial Commission, 64 Ariz. 383, 173 P.2d 84, 89, it was stated: "Estoppel operates to prohibit a party from changing his position *only when the party asserting estoppel has been led to change his position for the worse.*" (Emphasis supplied.)

See also Young Mines Co., Ltd., v. Citizens' State Bank, 37 Ariz. 521, 296 P. 247. The following tests are set forth in 19 Am.Jur., Estoppel, Section 42: "As related to the party claiming the estoppel, they are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3)

action based thereon of such a character as to change his position prejudicially."

■ Certainly the respondent by agreeing with the plaintiff in the civil suit that the employer-employee relationship existed did not mislead the plaintiff as to the facts, nor can it be said that the latter changed his position prejudicially by reason thereof. Our sanction of respondent's legal right to "about face" should not be considered as receiving our moral approval. All the essential elements of estoppel not being present, the plea cannot legally be sustained.

Award affirmed.

LaPRADE, C. J., and PHELPS and DE CONCINI, JJ., concurring.

STANFORD, Justice (dissenting).

I am compelled to dissent because I believe that the minor was employed at the time of the accident although the Commission has found otherwise. In many cases this court has failed to uphold the Commission in its findings, and this is one time when I must differ with the Commission. This boy was employed all of one afternoon and then employed the next day until 3 p. m. What more does it take to constitute employment? His services were accepted and for that length of time he was observed on the job performing his duty.