213 P.2d 362

**MARTIN v. INDUSTRIAL COMMISSION**
**et al.**

No. 5174.

Supreme Court of Arizona.

Decided Jan. 9, 1950.

Milburn N. Cooper, of Phoenix for petitioner.

Robert E. Yount, of Phoenix, Attorney, and H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission.

DE CONCINI, Justice.

On or about December 18, 1944, L. E. Martin, hereinafter called the petitioner, sustained an injury to his back arising out of and in the course of his employment by catching a large truss or falling rafter while working as a carpenter, within the State of Arizona. Elmer W. Duhame, his employer, was insured with the Industrial Commission of Arizona, hereinafter called the commission, under the Workmen's Compensation Law of the State. A.C.A.1939, § 56-901 et seq. From a final award denying further compensation, dated October 2, 1948, petitioner brings the case here for review.

Petitioner makes a number of assignments of error which may be boiled down to one proposition, namely, that the commission erred in its final findings and award.

Petitioner has had a number of hearings and rehearings, and on two occasions his case was reopened after final awards by the commission. Petitioner has not been a malingerer but neither has he been an ideal subject. He reluctantly had his teeth and appendix removed and a hernia condition corrected, all at the expense of the commission. He twice refused surgery on his lower back.

There is a conflict in the medical reports as to diagnoses and treatment recommend-

ed. For example, on November 7, 1946, Drs. J. M. Greer, Palmer and Moore recommended no spinal fusion. On February 25, 1947, Dr. Greer recommended that a "lumbo-sacral fusion should again be seriously considered." Again on July 2, 1947, Drs. Greer and Moore, together with Dr. Williamson, recommended that an "operation for probable extruded intervertebral disc is indicated." It was at this stage of the proceedings that petitioner refused surgery for the second time.

The commission had this case for a period of nearly four years, during which time petitioner had the benefit of modern medical science. He has had the services of eighteen different doctors, for which the commission paid. He was awarded the sum of $7,064.21 through March 28, 1948, all of which has been paid to him. On August 10, 1946, all arrangements were made for an operation on his back and he left the hospital without notice. On July 2, 1947, an exploratory operation was again recommended by three doctors but again petitioner refused surgery. It was at this point that the commission appointed the Medical Advisory Board of six doctors. They filed their report September 8, 1947, which concluded as follows: "We are of the opinion that there is insufficient evidence either physically or radiographically to substantiate diagnosis of an unstable low back or extruded intervertebral discs, and that surgery is not indicated. We feel that the pa-

tient is suffering from conversion hysteria and should have treatments to be administered by a competent neuropsychiatrist."

Pursuant to the aforesaid diagnosis, petitioner was hospitalized and treated for six weeks, being discharged on or about February 16, 1948. Dr. Sult, the psychiatrist who treated him recommended that the case be closed. On petitioner's final rehearing, Drs. Sult and Williamson, were of the opinion that no spinal operation was necessary. Drs. Greer and Fulk, the latter being petitioner's regular family physician, were of the opinion that petitioner's condition had not changed and he needed the operation as heretofore recommended by Dr. Greer and the other doctors on February 25 and July 2, 1947.

█ It is well-settled in this jurisdiction that where the triers of fact come to a conclusion on a conflict of evidence, this court will not disturb their decision. In re Mitchell, 61 Ariz. 436, 150 P.2d 355; Goodyear Aircraft Corp., Arizona Division v. Gilbert, 65 Ariz. 379, 181 P.2d 624; Knapp v. Highway Department, 56 Ariz. 54, 104 P. 2d 180.

█ In view of the conflict of evidence, this court will not disturb the award.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.