241 P.2d 814

**WOMACK v. INDUSTRIAL COM-
MISSION et al.**

No. 5591.

Supreme Court of Arizona.

March 17, 1952.

Rehearing Denied April 8, 1952.

Eli Gorodezky and Walter P. Boyd, Phoenix, for petitioner.

Robert W. Pickrell, Phoenix, H. S. Mc-Cluskey and Robert E. Yount, Phoenix, of counsel, for respondent Industrial Commission of Arizona.

PHELPS, Justice.

This is a proceeding by certiorari to review an award of the Industrial Commission affirming previous findings and award denying petitioner compensation.

The facts are that petitioner Robert L. Womack on November 25, 1950, was employed by the State Highway Department as a highway patrolman. On the above date he was directed by radio to go to the scene of an automobile accident near Queen Creek and as he was approaching the scene of the accident a little after 6 o'clock in the evening at a point where the road was under construction and while driving at a speed of about 30 miles per hour he ran into an unlighted pile of "black top" located on the highway. The car was suddenly stopped by the impact throwing petitioner forward and striking his chest against the steering wheel.

He was unable to breathe freely thereafter for several minutes. His chest and right arm bothered him the remainder of the night to such an extent that he had to call upon Sergeant MacLean to drive the car until he got off duty at 2 o'clock the next morning. Sergeant MacLean had been assigned by the officers at Williams Field to ride with petitioner each night in patrolling that area.

As a result of the accident petitioner's breast was bruised and discolored and became sore. His shoulder was painful at times and his arm and fingers felt numb. He continued to work although not feeling well, and on the following December 4 he played 9 holes of golf when "he suddenly developed severe pain in his substernum region which radiated down the right arm and caused him to feel warm and sweaty." He went to Doctor Singer the following day who advised him to see Doctor Lee Ehrlich. Doctor Ehrlich diagnosed his ailment as coronary occlusion and hospitalized him immediately. He remained in the hospital for more than a month. Petitioner duly filed his claim for compensation with the Industrial Commission with the result above stated.

Petitioner has presented four assignments of error, three of which state in substance that the findings and award are not supported by the evidence and are contrary thereto.

The specific injury which petitioner claims to have suffered from the accident is an injury to his heart resulting in a coronary damage referred to by some of the doctors as an anterior myocardic infarction.

Notwithstanding petitioner's claim to the contrary, there is a sharp conflict in the evidence on the question of whether there was a causal relation existing between the accident and injury of November 25 and the damage to the coronary system of petitioner's heart. Doctor Leslie Smith, after examining petitioner, testified positively that such causal relation did exist. Doctor Flynn, after examining him, testified that such a causal relation could exist but in his opinion did not exist. Doctors Ehrlich and Hamer who with Doctor Flynn sitting as a medical examining board, examined petitioner and filed a report with the commission in which they expressed as their opinion that no causal relation existed between petitioner's injury of November 25 and any damage to his coronary system found by Doctor Ehrlich to exist on December 5.

Unless the accident and injury of November 25 proximately caused or contributed to the coronary damage suffered by petitioner the injuries then sustained are not compensable. The commission has found in substance, upon conflicting evidence, that there is no causal relation between the accident and injury of November 25 and the damage to petitioner's coronary system found to exist on December 5.

Regardless of what our views may be concerning the correctness of these find-

ings we are bound by them. Emery v. Industrial Commission, 69 Ariz. 87, 210 P.2d 217; Weaver v. Martori, 69 Ariz. 45, 208 P.2d 652; Martin v. Industrial Commission, 69 Ariz. 285, 213 P.2d 362.

■ Petitioner's fourth assignment is based upon the proposition that the members of the Industrial Commission are interested in the workmen's compensation fund and therefore cannot act fairly and impartially in matters of this kind. This same question has been presented to us so many times and ruled on adversely to petitioner's claim that citation of authorities is deemed unnecessary.

Award affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concurring.