538 P.2d 411

**Precious MOORE, widow, Forrest Moore, deceased, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Jeffcoat Construction Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 1091.**

Court of Appeals of Arizona, Division 1, Department C.

July 22, 1975.

Rehearing Denied Sept. 9, 1975.

Review Denied Nov. 18, 1975.

Gorey & Ely, by Herbert L. Ely, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Peter C. Kilgard, Phoenix, for respondents.

## OPINION

WREN, Judge.

This review by certiorari challenges an Industrial Commission award denying petitioner's claim for death benefits under A.R.S. § 23–1046(A)(8).

Initially we think it helpful to give some background information regarding the particular statute in question. A.R.S. § 23–1046(A) sets out specified classes of dependents related to the deceased who are eligible to receive death benefits. These classes are arranged in priority, and entitlement to benefits is determined in accordance therewith. In other words, a particular class' right to benefits is dependent on the nonexistence of a class with a higher priority. *See Ulbrich v. Tovrea Packing Co.*, 49 Ariz. 269, 66 P.2d 235 (1937); *Bonnin v. Industrial Commission*, 6 Ariz. App. 317, 432 P.2d 283 (1967). Prior to its deletion in 1974,[1] subparagraph 8 of this section provided a catchall class including all who were dependent in fact upon the decedent. This class had the lowest priority among the prescribed classes.

In December of 1969, the decedent, Forrest Moore, sustained an industrial injury which eventually resulted in his death in September of 1971. Pursuant to § 23–1046, petitioner, Precious Moore, filed both a widow's claim and as an alternative, a dependent's claim for benefits under the Arizona Workmen's Compensation Act. Both claims were denied by the respondent insurance carrier, and in protest, hearings were held resulting in an award entered on June 28, 1972. The award found that since

petitioner was not married to the decedent at the time of his injury, she did not qualify for widow's death benefits. However, the award additionally found that petitioner and the decedent had been living together as man and wife since 1949, and that from sometime in the early 1960's the petitioner had been entirely dependent for support upon the deceased, except to the extent of Veteran's Administration benefits received by her. The hearing officer concluded that the evidence established that petitioner was at least partially dependent in fact upon the decedent at the time of his injury, and accordingly, was entitled to be considered for death benefits under § 23–1046(A)(8) which stated as follows:

> "8. If there are no dependents in the foregoing schedule, dependency shall be determined according to the facts as of the time of the injury in accordance with the provisions of § 23–1047."

The hearing officer additionally found that he was presently without jurisdiction to determine the amount of compensation benefits to which petitioner was entitled, until an [administrative] determination be made by the Commission as to such amount pursuant to §§ 23–1046(A)(8) and 23–1047. Apparently, another reason the hearing officer refrained from proceeding further with the disposition of petitioner's claim, was because of a still pending claim for death benefits that had been filed by Malinda Dinwiddie, who claimed to be the deceased's mother. If the Dinwiddie claim had been found valid, it would have rendered void any entitlement petitioner had to death benefits since under § 23–1046(A), a dependent parent is in a class with a higher priority than that within which petitioner was encompassed. The insurance carrier had denied Dinwiddie's claim on June 8, 1972, giving her sixty days to protest therefrom. The claim had not of course become final as of June 28, when the hearing officer entered the award.

[1.  *See* Laws 1974, Chap. 184 § 17.

The award did grant petitioner burial expenses pursuant to § 23–1046(A)(1) for both herself and the decedent.

On August 16, the Commission affirmed the award and ordered that a determination be made by the Commission as to the amount of benefits petitioner was entitled to. The respondents filed a petition for a writ of certiorari with this Court protesting the amount of burial expenses awarded.

On September 28, 1972, this Court entered its decision in *State Compensation Fund v. De La Fuente,* 18 Ariz.App. 246, 501 P.2d 422 (1972), holding that § 23–1046(A)(8) was an unconstitutional delegation of legislative authority. The Arizona Supreme Court accepted review of the case but subsequently vacated its order for review on July 18, 1973.

Meanwhile, in December of 1972, respondents moved to quash their writ of certiorari, which this Court granted.

On February 8, 1973, the Commission entered an award finding that petitioner was entitled to death benefits of thirty-five percent of the deceased's established monthly wage, for a period not to exceed one hundred months. Respondents requested a hearing to protest both the percentage of compensation awarded and the constitutionality of awarding benefits to petitioner under § 23–1046(A)(8) in light of *State Compensation Fund v. De La Fuente, supra.* Subsequently, a hearing was held to determine whether the Commission had jurisdiction to award death benefits to petitioner. On October 17, 1973, the hearing officer entered his award finding that he was without jurisdiction to award benefits to petitioner under § 23–1046(A)(8). The award was affirmed by the Commission on review and petitioner thereafter filed her petition for writ of certiorari with this Court.

Petitioner's primary contention on this appeal is that *State Compensation Fund v. De La Fuente* is improperly being applied retroactively to deny her benefits to which she is entitled. She relies on various theories to support her proposition.

Initially she asserts that the August 16 award of the Commission, which became final in December, granted her death benefits, thereby giving rise to a "vested property right" which could not be taken away by the retroactive application of *De La Fuente.* Additionally, she argues that since under § 23–1046(A)(8), as well as § 23–1064(B),[2] dependency status is determined as of the date of the injury, the time when her right to death benefits became vested relates back to the day of decedent's injury in 1969. As a corollary argument, petitioner asserts that following the August 16 award, the Commission had only a ministerial act to perform, that is, to determine the precise dollar amount of compensation to which she was entitled.

In 1 Am.Jur.2d Administrative Law § 83 (1962), a ministerial duty is defined as "one in respect to which nothing is left to discretion." Similarly, as defined in *Industrial Commission v. Superior Court,* 5 Ariz.App. 100, 104, 423 P.2d 375, 379 (1967), a ministerial duty is one where "[T]he act is to be performed in a prescribed manner without the exercise of the officer's judgment as to the propriety of the act." Clearly the determination as to what amount of death benefits should be awarded petitioner was not a ministerial duty. Petitioner's contention to the contrary flies directly in the face of our holding in *De La Fuente. De La Fuente* held § 23–1046(A)(8) unconstitutional because there were no standards to guide the Commission *"in its exercise of discretion"* in determining the percentage of benefits to be awarded or the duration of the award.

**328**

In addition, petitioner did not receive a vested propety right to death benefits either at the date of the decedent's injury or when the August 16 award of the Commission became final. In In re Dos *Cabezas Power District,* 17 Ariz.App. 414, 418, 498 P.2d 488, 492 (1972), the court quoted from *Steinfeld v. Nielsen,* 15 Ariz. 424, 465, 139 P. 879, 896 (1913), wherein the following definition was adopted regarding "vested rights."

" 'Rights are vested, in contradistinction to being expectant or contingent. They are vested, when the right to enjoinment, present or prospective, has become the property of some particular person or persons as a present interest. They are expectant, when they depend upon the continued existence of the present condition of things until the happening of some future event. They are contingent, when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting.' "

The only thing the Commission's award determined in regard to § 23–1046(A)(8) is that petitioner had a *dependency status.* She thus became eligible to receive those benefits, if any, that membership in that dependency class would entitle her to. However, this did not give her a vested right to death benefits. Entitlement to death benefits is not based solely upon having a dependency status; rather, it additionally depends upon whether one with a dependency status asserts a claim for benefits. *See* Bonnin, *supra.* It is only after a

claim (or claims) has been filed, and not at the time of decedent's injury that entitlement to compensation benefits is determined—based upon class status. *Id.* Accordingly, petitioner's entitlement to benefits was dependent on the absence of the filing of a claim by a person in a class with a higher priority than petitioner's class. *Id.* At the time of the Commission's award on August 16, it appears that the Dinwiddie claim had become final.[3] However, it was still possible that a claim could have been filed by a minor child of the decedent, whose existence was previously unknown to all parties involved herein. *See Weaver v. Martori,* 69 Ariz. 45, 208 P.2d 652 (1949).[4] Such a claim if valid would have rendered petitioner's eligibility status null and void for purposes of compensation.

Even accepting what appears to be the actual situation in this case, that when the August 16 award became final, there were no other dependents of the decedent in existence who could have defeated petitioner's entitlement to benefits, petitioner still had no vested right to benefits. No compensation benefits were awarded petitioner by the August 16 award, and as a result of *De La Fuente,* no benefits could be awarded her pursuant to that award. As stated in *Crane Co. v. Arizona State Tax Commission,* 63 Ariz. 426, 442, 163 P. 2d 656, 663 (1945), "[A]n unconstitutional statute is in reality no law and is wholly void, and is as inoperative as if it had never been passed." *See* 16 C.J.S. Constitutional Law § 101 (1956); *see also Hollywood Continental Films v. Industrial Commission,* 19 Ariz.App. 234, 506 P.2d

3. It appears that the June 8 denial of Dinwiddie's claim became final on or about August 8. However, in their award of August 16, the Commission made no finding that the claim had become final. Rather, they ordered that the Commission still retained jurisdiction to modify and/or adjust the award subject to the Dinwiddie claim becoming final. Apparently the reason no finding as to finality was made in the award, was that though their award was entered on August 16, the Commissioners had all in-

formally reviewed and affirmed the award by August 7.

4. A.R.S. § 23–1061(D) requires that claims for compensation be filed within one year after the date upon which the injury occurred. *Weaver* provides an exception to the foregoing, holding that the time limitation for filing a claim is tolled during infancy and does not begin to run against a minor until a guardian has been appointed or the infant becomes *sui juris.*

274 (1973). Simply stated, as a result of this Court's holding in *De La Fuente,* the Commission was without jurisdiction to award petitioner death benefits under § 23–1046(A)(8). *Crane, supra.*

Petitioner also asserts that the respondents were dilatory in raising the constitutionality of § 23–1046(A)(8) and therefore, respondents constitutional argument should have been deemed waived. We disagree. We hold that the respondents raised the constitutionality of § 23–1046(A)(8) at the proper time in the disposition of petitioner's claim.

Finally, petitioner asserts that § 23–1046(A)(8) is constitutional in this case. We do not agree. This Court has held § 23–1046(A)(8) unconstitutional in *De La Fuente* and we see no reason to retreat from that conclusion.

The award is affirmed.

NELSON, P. J. and STEVENS, J., concur.