No. 20,962.

GEORGE ELLIS and MARY ELLIS, *Appellants*, v. THE NEVIUS
COAL COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

ADOPTION—*Statutory Method Must be Followed—Unperformed Agree-
ment to Adopt—Child Not Within Compensation Act.* The term "legal
adoption" found in the following provision of the workmen's compen-
sation act, "children and parents include that relation by legal adop-
tion" (Gen. Stat. 1915, § 5903, subdiv. *j*), means adoption according
to the statute governing that subject, and does not extend to a child
taken into a family and treated as natural offspring under an agree-
ment to adopt which was not performed.

Appeal from Crawford district court; ANDREW J. CURRAN,
judge. Opinion filed March 10, 1917. Affirmed.

*F. B. Wheeler,* of Pittsburg, and *C. A. McNeill,* of Colum-
bus, for the appellants.

*J. J. Campbell,* and *P. E. Nulton,* both of Pittsburg, for the
appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover compensation
for the death of a workman on whom the plaintiffs claimed to
be dependent. A demurrer was sustained to the petition and
the plaintiffs appeal.

At the time of his death the workman was seventeen years
of age. He was taken into the family of the plaintiffs when
he was two years old. His father was then dead and his
mother died soon afterward. He was taken by the plaintiffs
under an oral agreement with his mother that the plaintiffs
would adopt him, rear him as their own child and give him
their name, and that he should inherit from them the same as
though he were their own child. The plaintiffs reared the
child as if he were their own and gave him their name, but did
not adopt him.

The statute involved reads as follows:

" 'Dependents' means such members of the workman's family as
were wholly or in part dependent upon the workman at the time of the
accident. And 'members of a family' for the purpose of this act means
only widow or husband, as the case may be, and children; or if no widow,

husband or children, then parents and grandparents; or if no parents or grandparents, then grandchildren; or if no grandchildren, then brothers and sisters. In the meaning of this section parents include stepparents, children include step-children, and grandchildren include step-grandchildren, and brothers and sisters include step-brothers and step-sisters, and children and parents include that relation by legal adoption." (Gen. Stat. 1915, § 5903, subdiv. *j*.)

The words "legal adoption," appearing in the last clause of the statute, signify adoption according to law, that is, according to the statute relating to adoption. As a matter of fact, there is adoption, or there is not. The term applies to the creation of a new status. The status is not created unless the statute regulating adoption be substantially complied with. Should there be an unperformed contract relating to change of status, or relating to rights identical with those which would attend a change of status, the courts merely enforce the contract, when it is proper to do so. They do not recognize any change of status. The latest utterance of this court on the subject may be found in *Malaney v. Cameron,* 99 Kan. 70, 159 Pac. 19.

In the article on Adoption of Children in 1 C. J., it is said:

"Adoption is the act by which relations of paternity and affiliation are recognized as legally existing between persons not so related by nature. The relation created by adoption is a statutory status, and not a contractual relation. . . . Adoption was unknown to the common law of England, and in states whose jurisprudence is based solely on that system it can exist only by virtue of statute. In the absence of statutory authority, it is not within the power of an individual to create the relation of parent and child by adoption. . . . Since adoption is unknown to the common law, it follows that a legal adoption can be effected in no other way than that provided by the statute authorizing it, and all the courts are agreed that there must be at least a substantial compliance with all the essential requirements of the statute. A parol adoption is not sufficient." (pp. 1370, 1371, 1373.)

While the expression "legal adoption" has become common, it is really tautological. The full meaning would be expressed by the single word "adoption," because taking a child into a family and treating it as natural offspring is not adoption. If, however, some legislative purpose must be found for qualifying the word "adoption" by the word "legal," it must have been to exclude all grafting of children upon another family stock otherwise than by adoption proceedings conforming to the law governing the subject.

The judgment of the district court is affirmed.