No. 22,533.

LILLIE STOKES, *Appellee,* v. MORRIS & COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Death of Workman—Unlawful Wife Not Entitled to Compensation—Judgment—New Trial.* A woman who claimed to be the wife and sole dependent of a deceased workman recovered judgment for his death against his employer under the workmen's compensation act. The woman died, and after her death the judgment was revived in the name of her administrator and that of the deceased workman, and the administrator and guardian of a minor child of the deceased was substituted for the plaintiff. On a motion for a new trial, it was shown that the plaintiff was not the wife of the deceased workman, that another woman then living was his wife, and that the plaintiff had knowledge of that fact. *Held,* that the judgment should have been set aside, and that a new trial should have been granted.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed July 10, 1920. Reversed.

*C. W. Trickett,* of Kansas City, for the appellant.
*W. W. McCanles,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it under the workmen's compensation act. Major Stokes was injured, November, 1917, while he was an employee of the defendant, and according to the verdict of the jury died as a result of that injury. The plaintiff brought the action as the widow of Major Stokes. The defendant came within the operation of the workmen's compensation act.

The serious question presented arises out of the order overruling the defendant's motion for a new trial. One of the grounds of that motion was newly discovered evidence material to the defendant, which it could not, with reasonable diligence, have ascertained and produced at the trial. The newly discovered evidence tended to show that the plaintiff was not the wife of Major Stokes at the time of his injury and death. An

agreed statement of facts filed on the hearing of the motion for a new trial recited that Major Stokes was married to Lillian Wembly, another woman, January 9, 1909; that in February, 1918, he filed an action for divorce against his wife, Lillian Stokes, formerly Lillian Wembly, but that action had not been tried, nor disposed of, but was pending, on the date of the death of Major Stokes, June 28, 1918; that Major Stokes and his wife, Lillian Wembly Stokes, separated, and that after such separation the plaintiff and Major Stokes lived together, when the plaintiff took the name Stokes, and afterward went by that name.   The affidavit of Lillian Wembly Stokes was filed, in which she stated that she was married to Major Stokes at Newton, Kan., and was the mother of Ralph Stokes and Homer Stokes, children of Major Stokes; that Major Stokes never got a divorce from her; and that he and she were husband and wife until his death.   The affidavit of the attorney who filed the petition for a divorce for Major Stokes was presented, and it tended to prove that the plaintiff, Lillie Stokes, knew that Major Stokes had a living wife.

The evidence produced was sufficient to establish the fact that the plaintiff was not the wife of Major Stokes at the time of his death.   If she was not his wife, and he had a wife living at that time, the plaintiff cannot recover compensation in this action for herself or for the dependent members of the family of Major Stokes.   Part of the statute under which the plaintiff seeks to recover reads:

" 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family,' for the purpose of this act, means only widow or husband, as the case may be, and children."   (Laws 1917, ch. 226, § 2, subdiv. j.)

If the evidence produced on the motion for a new trial was true, the plaintiff was not the wife of Major Stokes at the time of his injury and death, and was not then a member of his family within the meaning of the workmen's compensation act. She cannot recover compensation as the wife of Major Stokes, neither can she recover in any other capacity, because she does not come within any of the provisions of the act.   *Ellis v. Coal Co.*, 100 Kan. 187, 163 Pac. 654, supports this conclusion. (See, also, *Armstrong v. Industrial Commission*, 161 Wis. 530;

*Hall v. Industrial Commission,* 165 Wis. 364; 1 Honnold on Workmen's Compensation, § 75, and notes.)

The plaintiff cites authorities which hold that a woman who innocently lives with a man whom she believes to be her husband, but who has a wife living, can recover compensation. We have two difficulties in following these authorities, the first is our statute, a part of which has been quoted, and the second is that in the present case the evidence tended to show that the plaintiff knew that Major Stokes had a wife living.

After judgment was rendered in this action the plaintiff died, and the action was revived in the name of Earl R. Gilbert, public administrator and administrator of the estates of Lillie Stokes and of Major Stokes, and Earl R. Gilbert as such administrator and as guardian of Ralph Stokes, was substituted for the plaintiff. It is argued that the substitution was proper and avoided the consequences of a judgment having been wrongfully obtained in favor of the plaintiff. It is also argued that the defendant has waived its right to object to the substitution by filing its motion for a new trial, instead of objecting to the substitution. It is further argued that a defect of parties or a want of proper parties cannot be presented or reached by a motion for a new trial. The fault in this argument lies in the fact that the judgment was improperly obtained, that the plaintiff had no right of action, and that the defendant may have valid defenses against all parties for whose benefit a judgment might be obtained. On the showing made, a new trial should have been granted, and the defendant should have been permitted to set up any defense that it may have against the substituted parties and against those for whose benefit a judgment might be obtained by the substituted parties.

The judgment is reversed, and a new trial is granted.