No. 27,604.

ADA WINCHESTER, *Appellee,* v. THE STANTON-WALLACE CON-
STRUCTION COMPANY, *Appellant.*

(260 Pac. 614.)

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT — *Dependents* — *Statutory Limitation as to Class.* That portion of the workmen's compensation act (R. S. 44-508, subdiv. *j*) which defines members of the workman's family does not limit compensation to dependents in one class only where compensation is available and there are dependents in another class of lesser degree of family relationship.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 5, 1927. Affirmed.

*Albert Faulconer, Kirke W. Dale, C. L. Swarts,* all of Arkansas City, for the appellant; *E. L. Kearney,* of Kansas City, Mo., of counsel.

*Harry V. Howard,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents the question whether both mother and minor daughter of a deceased workman are entitled to recover under the workmen's compensation act, both during the deceased's lifetime having been dependent on him for support. Compensation was allowed both and the employer appeals.

The deceased, Terrence Winchester, was employed as a common

---

Workmen's Compensation Acts, C. J. pp. 7 n. 32, 8 n. 33, n. 37, 9 n. 42, 40 n. 95, 56 n. 28 new; L. R. A. 1918F 483; 28 R. C. L. 770.

Winchester v. Stanton-Wallace Construction Co.

laborer by defendant, a sewer construction company. From an injury sustained while in the course of such employment, death resulted. The company refused to arbitrate and action was brought. The deceased at the time of his death was married and had one daughter, five years old. He was residing with his mother and apart from his wife and daughter, they residing with the wife's parents. The wife had voluntarily abandoned the deceased. The deceased's average yearly earnings were such that the maximum amount of compensation to be allowed was $2,622.36. The jury answered special questions to the effect that deceased's mother was entitled to forty per cent of such amount and the minor daughter to sixty per cent. No question is raised of the amounts awarded, only whether a judgment in favor of the minor child of the deceased precludes a judgment in favor of his mother.

The statute reads:

"(j) 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family' for the purpose of this act, means only widow or husband, as the case may be, and children; or if no widow, husband, or children, then parents or grandparents; or if no parents or grandparents, then grandchildren; or if no grandchildren, then brothers and sisters." (R. S. 44-508.)

The defendant contends that the wording and punctuation of the statute is so clear and unequivocal that any other interpretation than to preclude the parents of a deceased workman, when a minor child is entitled to compensation, would do violence to plain and unambiguous language; that the widow or husband, as the case may be, and children are in one class, while the parents or grandparents are in another. We cannot concur in the defendant's contention.

"In the enactment of the compensation law, the legislature recognized that the common-law remedies for injuries sustained in certain hazardous industries were inadequate, unscientific and unjust and therefore, a statute was provided by which a more equitable adjustment of such loss could be made under a system which was intended largely to eliminate controversy and litigation and place the burden of accidental injuries incident to such employment upon the industries themselves or rather upon the consumers of the products of such industries." (McRoberts v. Zinc Co., 93 Kan. 364, 144 Pac. 247.)

Three main elements were considered—compensation, dependents, and the workman's family. Compensation was made to depend mainly on the average earnings of the injured workman for periods preceding his injury. Maximum and minimum limitations were placed on the average of such earnings. Effort was made to transmit

the compensation to those dependent on the workman for support. In that effort the legislature endeavored to say that those closer in family relationship to the workman should be the first provided for, and so degrees of relationship were specified. In other words, the legislature, in the enactment of the statute above quoted, undertook to indicate a priority of dependents rather than to establish classifications under which dependents in one class only would be entitled to compensation. If a workman is injured and death results, the statute fixes a maximum amount of compensation allowable to his dependents, based upon the average amount of his earnings. The members of his immediate family are entitled to his compensation if wholly dependent upon him, but if members of his immediate family are only partially dependent upon him and other members of his family of a lesser degree of relationship are also dependent upon him, no part of the compensation allowed under the statute is permitted to lapse. The fact that immediate members of his family who are dependents are first entitled to compensation does not preclude others in a lesser degree of relationship, who are also dependent, if compensation is available. The policy of the law is to do justice, not to subvert it. The interpretation sought by defendant would render the statute, at least in part, inoperative: compensation available, dependents in need thereof and unable to receive it. Under the facts in the instant case, such interpretation would do violence to ordinary justice. Such, in our opinion, was not the legislative intent. Another not uncommon case can be suggested. A workman's wife dies, leaving minor children. The father's mother assists in taking care of the family, both the children and the workman's mother being dependent upon him for support. Did the legislature intend to cut her off from compensation in the event of the workman's death? We think not. The legislature might have provided more apt language to express its intention, but we cannot concur in defendant's contention that it intended to preclude the mother under such circumstances.

A contention that the decisions in *Ellis v. Coal Co.*, 100 Kan. 187, 163 Pac. 654, and *Stokes v. Morris & Co.*, 107 Kan. 232, 191 Pac. 264, support the defendant's theory, cannot be sustained. What was said in those cases is not applicable here. Nor can we follow the Alabama supreme court in construction of a similar statute of that state in the case of *Ex Parte Todd Shipbuilding and Dry Docks Co.*,

212 Ala. 477, wherein the workman's mother was precluded from compensation.

The judgment is affirmed.

BURCH, J. (dissenting): This is purely a statutory matter. The legislature determined the public policy and established the standard of justice for this class of cases. By carefully chosen emphatic language, effort was made to exclude the very interpretation which the opinion adopts, and I am not able to agree with it.