

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN

~~WADE WISCONSINFORD~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:    Opinion No. O-5457

Re: Classification of foster child
who has not been adopted in
accordance with adoption statutes
for inheritance tax purposes.

We are in receipt of your letter of July 20, 1943. The facts therein stated are, briefly, as follows: Decedent left a will by which she devised and bequeathed to her "foster son" (so described in the will) some $15,000.00. Devisee had lived with decedent for many years and had been held out by her as her son. He had, likewise, performed the duties of a son to decedent. No effort appears to have been made by decedent to adopt devisee in accordance with our adoption statutes, and it is certain that decedent did not at any time comply with such statutes.

You request the advice of this department as to whether such "foster son" should be placed in Class A, as provided in Art. 7118, V. A. C. S., or whether he should be placed in Class E, as provided in Art. 7122, V. A. C. S., for the purpose of assessing the inheritance tax due on this estate.

Article 7117, V. A. C. S., subjects all property passing by will or by the laws of descent and distribution to an inheritance tax in accordance with the classification set out in Articles 7118 to 7122, V. A. C. S., inclusive.

Article 7118, so far as pertinent hereto, reads as follows:

"If passing to or for the use of husband or wife, or any direct lineal descendant of husband or wife, or any direct lineal descendant or ascendant of the decedent, or to any legally adopted child or children of the decedent, or to the husband of a daughter, or the wife of a son, the tax shall be one (1) per cent on any value in excess of Twenty-five Thousand Dollars ($25,000), and not exceeding Fifty Thousand Dollars ($50,000); . . ." (Emphasis ours).

Article 7119 relates to property passing to the United States for use in this State. Article 7120 relates to property passing to a brother or sister or a direct lineal descendant of a brother or sister of decedent. Article 7121 relates to property passing to an uncle or aunt or a direct lineal descendant of an uncle or aunt of decedent. Article 7122, so far as pertinent here, reads as follows:

"If passing to or for the use of the United States, to or for the use of any other person or religious, educational or charitable organization or institution, or to any other person, corporation or association not included in any of the classes mentioned in the Original Act known as Chapter 29 of the General Laws of the Second Called Session of the Thirty-eighth Legislature, the tax shall be: 5% on any value in excess of $500 and not exceeding $10,000 6% on any value in excess of $10,000 and not exceeding $25,000 . . ." (Emphasis ours)

Articles 7118, 7119, 7120 and 7121 enumerate all of the classes mentioned in the "Original Act known as Chapter 29 of the General Laws of the Second Called Session of the Thirty-eighth Legislature."

The only question presented is whether the devisee in question is a "legally adopted child" within the contemplation of Article 7118. If not, then he is some "other person . . . not included in any of the classes mentioned in the Original Act," and is subject to the provisions of Article 7122.

Our courts have consistently held that in order to constitute an adoption there must be a compliance with the adoption statutes in force at the time of the alleged adoption.

Sanders v. Lane, (Com. App.) 227 S. W. 946; J. M. Guffey Petroleum Co. v. Hooks, 106 S. W. 690, 47 Tex. Civ. App. 560, error refused; Powell v. Ott, 146 S. W. 1099; Thompson v. Waits, 159 S. W. 82, error refused; Royal Neighbors of America v. Fletcher, 230 S. W. 476; Allee v. Vaden, 112 S. W. (2d) 237, error dismissed.

It is true that our courts have held that where one takes a child into his home as his own, thereby receiving the benefits accruing to him from such relation, he also assumes the duties and obligations incident thereto; and where justice and good faith require it, the court will enforce the rights incident to the statutory relation of adoption, even though there has been no compliance with the adoption statutes.  Cubley v. Barbee, 123 Tex. 411, 73 S. W. (2d) 72; Jones v. Guy, 135 Tex. 398, 143 S. W. (2d) 906; Treme v. Thomas, 161 S. W. (2d) 124.  These cases, however, are not authority for the proposition that a child can be "legally adopted" in the absence of compliance with the adoption statutes.  The holding in these cases, on the contrary, is based upon the doctrine of "estoppel in pais" or "equitable estoppel."  Applying this doctrine the courts hold that under such circumstances the adoptive parents and their privies are precluded from asserting the invalidity of the adoption proceedings or the status of the adopted child.  In other words, the adoptive parents and their privies are estopped from asserting the true facts which would show that the child is not a legally adopted child.

We find no Texas case construing the term "legally adopted child" as the term is used in our inheritance tax statute.  (Art. 7118)  Other courts, however, have construed the term.  In the case of Wooster v. Iowa State Tax Commission, 298, N. W. 922, the Supreme Court of Iowa had before it the construction of the term "legally adopted child" as used in the inheritance tax statutes of the State of Iowa.  The facts in the case, under the Iowa decisions, created an estoppel as against the adoptive parents and their privies, but the adoption statute had not been complied with.  In holding that claimant was not a "legally adopted child" within the meaning of the inheritance tax statute the court said:

"The conclusion that Grace S. Wooster was not a legally adopted child of Delia B. Wooster appears inescapable. She did not have the status of an adopted child or any right of inheritance as such. A decree establishing her rights in the property of the deceased foster parents could not have changed her previous status to that of adopted child. The principle involved in such equitable proceedings is property recompense measured in the amount fixed in the statutes of descent and distribution.

"Appellee argues that the state is in such privity with Delia B. Wooster as to be bound by the estoppel against her. In support of this contention it is said the state allows the party to fix the status of the child and should be bound by the status so fixed by its authority. With this statement we do not agree. The state, through its legislative enactments, allows the status of an adopted child to be fixed by one method only, towit, by statutory adoption. When such status has been thus fixed the legally adopted child becomes entitled to the exemption and classification provided by statute for property passing to a legally adopted child. Obviously, when a party fails to take steps required by the state to effectuate a legal adoption the estoppel against said party resulting from such non-compliance with the statute does not bar the state from standing upon the facts as they actually exist in making classifications for inheritance tax purposes.

"Nor do we agree that a decree establishing appellee's rights would constitute a judgment in rem determining her status which would be binding upon the taxing authorities. One reason for this is that appellee never had the status of an adopted child and the courts 'do not undertake to change the status'. Such decree would merely establish her property rights.

". . ."

"The conclusions heretofore reached require a holding that appellee is not entitled to the exemption rate of inheritance tax of a legally adopted child.  This necessitates a reversal.  It is suggested by appellee that children in this situation are entitled to the sympathetic consideration of the court.  To that we fully agree.  However, it is not our province to legislate.  Apparently, the inheritance tax statutes now in force favor and, therefore, tend to encourage legal adoptions.  Whether or not the provisions in question should be broadened to include children not legally adopted is a question for legislative determination."  (Emphasis ours)

In re Clark's Estate, 105 Mont. 401, 74 Pac. (2d) 401, 114 A. L. R. 496, is a case where the court passed upon the classification for inheritance tax purposes and the rate of tax to be imposed upon property passing to a child under the will of an adoptive parent.  The child had not been adopted in compliance with the Montana adoption statutes, but under the law of that state the facts were sufficient to establish adoption by contract or estoppel.  The Montana inheritance tax statute extends the exemption to "a child adopted as such in conformity with law."  The court held that since the adoption statutes had not been complied with the child had not been "adopted as such in conformity with law."

In the case of Sommers v. Doersam, 115 Ohio St. 139, 152 N. E. 387, the court says:

"The expression 'legally adopted' means in accordance with the laws of the state in force and effect at the time of the execution of the will.  These matters are, of course, statutory. . ."

And the Supreme Court of Kansas in the case of Ellis v. Nevins Coal Co., 100 Kan. 187, 163 Pac. 654, in construing the phrase "children and parents include that relation by legal adoption," as the phrase is used in a workmen's compensation act, states:

"The words 'legal adoption', appearing in the last clause of the statute, signify adoption according to law; that is, according to the statute relating to adoption."

We think that the foregoing authorities correctly define and construe the phrase "legally adopted child" to mean a child adopted in compliance with the adoption statutes in force and effect at the date of the alleged adoption.  Nor do we think that the holding of our courts in the cases of Cubley v. Basbee, Jones v. Guy and Treme v. Thomas, cited above, militate against this conclusion, since those holdings are predicated not upon the validity of the adoption, but upon an estoppel to deny the validity of such adoption.

We, therefore, respectfully advise you, and it is our opinion, that the beneficiary in question is not the "legally adopted child" of the decedent, for the reason that there was no compliance with the adoption statutes, in force and effect at the date of the alleged adoption.  Consequently, you should apply the provisions of Article 7122 in classifying this beneficiary and assessing the tax.

Trusting that we have fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 6, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By    /s/ Fowler Roberts
        Fowler Roberts
            Assistant

FR:AMM:MJS

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN