TEXAS EMPLOYERS' INS. ASS'N

v.

VIGIL.

No. 5004.

Court of Civil Appeals of Texas.

El Paso.

April 7, 1954.

Turpin, Kerr & Smith, Midland, for appellant.

Roberson, Finley & Duncan, Kermit, for appellee.

HAMILTON, Chief Justice.

This case was filed by Texas Employers' Insurance Association appellant (plaintiff below), to set aside an award of Industrial Accident Board, and was a bill of interpleader filed in order to obtain a judgment awarding compensation benefits to the proper beneficiaries of deceased employee. The Industrial Accident Board awarded one-half of the death benefits to the widow, Isidra Vigil, and the other half of the death benefits to the duly appointed, qualified and acting guardian as such of the respective estates of Oscar Vigil, Alonzo Vigil and Alicia Vigil, minor children, in equal shares. Said Board also awarded $250 to the Hixson-Freeman Funeral Chapel, to be deducted equally from the award to the widow and the award to the said minors.

The suit by appellant joined the statutory beneficiaries, the widow and minor children, together with the Consul General of Mexico, and also the Hixson-Freeman Funeral Chapel. Appellant in its bill of interpleader admitted liability for the full amount awarded by the Industrial Accident Board. The case was tried by the court without a jury and judgment was entered setting aside the Industrial Accident Board's award and ordering distribution

to the widow and her attorneys, to the Consul General of Mexico for the benefit of the minors, and to the Hixson-Freeman Funeral Chapel. All costs, including the fee awarded to the guardian ad litem appointed to represent the minors, were assessed against appellant, Texas Employers' Insurance Association. Appellant excepted to the court's judgment and gave notice of appeal.

Appellant predicates its appeal on two points: One, that the court was in error in assessing the costs against appellant since this pleading was a proper bill of interpleader; Two, the court was in error in ordering the fee of the guardian ad litem to be paid by appellant.

The trial court found in its judgment that the bill of interpleader filed by the appellant was a proper plea, and we think correctly so under the circumstances. The minors were nonresident aliens, citizens of Mexico, as was found by the trial court. Under Art. 8306, § 17, R.C.S., nonresident alien beneficiaries may be officially represented by consular officers of nations of which such aliens may be citizens, and such consular officers shall have the right to receive for distribution for such nonresident alien beneficiaries all compensation awarded them. However, in this case there was no consular official of Mexico representing these nonresident alien minors before the Industrial Accident Board, and there was no finding by the Board that these minors were nonresident aliens and citizens of Mexico. We think in view of the award of the Board appellant was amply justified in not paying the award to some consular officer of Mexico for the benefit of the minors. The filing of the bill of interpleader, and impleading the Consul General of Mexico appears to have been done in good faith. Appellant having sought and obtained the relief called for and the court having found such suit to be a proper bill of interpleader, the costs should be borne by the appellees. Grand Lodge, Colored K. P. of Texas v. Watson, Tex.Civ.App., 145 S. W.2d 601; Texas Life Ins. Co. v. Valley View Nat. Bank, Tex.Civ.App., 44 S.W.2d

1045; Wilke v. Finn, Tex.Com.App., 39 S. W.2d 836.

In regard to appellant's second point, it takes the position that where it becomes necessary for a suit to be brought against minors, especially in a case of an innocent stakeholder, that the fee of ad litem attorneys should be obtained from the recovery of said minors of the funds tendered into the registry of the court, and that only in the event of no recovery by the minors is the fee of the guardian ad litem to be paid by the adverse party because of the cost incurred. The authorities seem to be in accord with this position. Rogers v. Rogers, Tex.Com.App., 240 S.W. 1104; Mitchell v. Mitchell, 80 Tex. 101, 15 S.W. 705; Holloway v. McIlhenny Co., 77 Tex. 657, 14 S.W. 240–242.

The judgment of the court below should therefore be reformed so as to provide that the costs be paid out of the fund deposited in court by the appellant, and to provide that the fee allowed the attorney ad litem for the minors be paid out of the recovery of such minors, and as so modified, the judgment should be affirmed.