CHARLES M. LYMAN, EXECUTOR (ESTATE OF ANNE P. WURTENBERG) *v.* JOHN L. SULLIVAN, TAX COMMISSIONER

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued November 5, 1959—decided January 19, 1960

*Charles M. Lyman,* for the appellant (plaintiff).

*Herman Levine,* inheritance tax attorney, with whom, on the brief, were *Albert L. Coles,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the appellee (defendant).

MELLITZ, J.   The plaintiff brought this appeal from a judgment of the Superior Court in New Haven County which affirmed a decree of the Probate Court for the district of New Haven approving the computation of a succession tax on the estate of Anne P. Wurtenberg, late of New Haven.   The tax commissioner computed the succession tax on

the interest of Dorothy A. Kissam, a beneficiary under the decedent's will, at the highest rate of tax, on the theory that she was a member of class C as defined in General Statutes § 12-344. The claim of the plaintiff is that her interest should be taxed at the rate applicable to class A. The statute defines class A as including "any parent, grandparent, lineal descendant, adopted child, adoptive parent and lineal descendant of any adopted child," and class C as including "any person, corporation or association, not included in either Class AA, Class A or Class B."

The essential facts as admitted in the pleadings are that the decedent and her late husband took into their home a child aged about nine years, changed her name to theirs, and held her out as their daughter. Formal adoption proceedings were never had. Now Dorothy A. Kissam, she was made a beneficiary under the will of the decedent. It is the claim of the plaintiff that her interest should be taxed at the rate applied to class A on the theory that it is an interest passing to an adopted child. The plaintiff argues that formal legal adoption of a child is not a requisite to inclusion in class A, and that one taken into a family and accorded the status and privileges of a natural child is to be included, even though he is not adopted by formal proceedings. The contention is based largely upon the fact that when the statute was amended in 1915 the words "adopted child" were employed instead of "legally adopted child," the words theretofore found in the statute. The present statute continues to use merely the words "adopted child."

Adoption establishes the legal relationship of parent and child, with all the consequences of that relationship, between persons not so related by nature, and creates a status unknown to the common

law.  It is a purely statutory procedure, and a legal adoption results only if the requirements of the statute are fulfilled.  *Bailey* v. *Mars,* 138 Conn. 593, 597, 87 A.2d 388; *Goshkarian's Appeal,* 110 Conn. 463, 465, 148 A. 379; *Woodward's Appeal,* 81 Conn. 152, 165, 70 A. 453; 2 Locke & Kohn, Conn. Probate Practice § 685.  Here, it is conceded that the statutory proceedings for a legal adoption were never undertaken.  It follows that although the child may have been treated as, and held out to be, an adopted child, she never acquired the status of an adopted child in the eyes of the law.

The original statute providing for what is now our succession tax was enacted in 1889. Public Acts 1889, c. 180.  It was amended and rewritten in 1897; Public Acts 1897, c. 201; and again amended and rewritten in 1915.  Public Acts 1915, c. 332.  Section 12-344 is essentially in the form which was adopted in § 6 of the 1915 act.  The act of 1889 exempted the decedent's closest relatives from the tax imposed and, in enumerating those exempted, included an "adopted child" and "the lineal descendant of any adopted child" along with the "father, mother, husband, wife [and] lineal descendant" of the decedent.  Public Acts 1889, c. 180, § 1.  When the statute was rewritten in 1897, it imposed the lowest rate of tax upon the "parent or parents, husband, wife, or lineal descendants, or legally adopted child of the deceased person."  Public Acts 1897, c. 201, § 2.  The statute as rewritten in 1897 thus employed "parent or parents" in place of "father, mother," and "legally adopted child of the deceased person" in place of "adopted child," the words employed in the 1889 act. In its present form, the statute imposes the lowest rate of tax on persons enumerated in class AA, that is, husband and wife, and in class A, which includes,

as it did in the 1915 act, "any parent, grandparent, lineal descendant, adopted child, adoptive parent and lineal descendant of any adopted child."

There is nothing to indicate that when an adopted child was given the same status as a lineal descendant in the original statute, enacted in 1889, anything less than a child legally adopted was envisaged, or that the legislature intended that any other interpretation was to be given to the same words in the 1915 amendment, although, in the interim, the words "legally adopted child" were employed when the statute was rewritten in 1897. Particularly does it appear to have been the legislative intent that the words "adopted child" in the 1889 act and the 1915 act should mean a child adopted pursuant to statutory requirements, when it is noted that the 1915 amendment added, for the first time, an adoptive parent to the favored class. It could hardly have been conceived by the legislature that an adoptive parent was one other than the parent of a child adopted in accordance with the formalities prescribed by law and whose identity could ordinarily be established by resorting to the records of the court in which the adoption proceedings were had. In the absence of clear language, we cannot ascribe to the legislature an intent to introduce into the field of the administration of decedents' estates and the ascertainment of heirs the elements of uncertainty and confusion which would result from an interpretation according the status of an adopted child to one not formally adopted. No significance is discernible in the inclusion of the adverb "legally" in the designation of an adopted child in the 1897 act and in its omission in the 1915 act. See *State ex rel. Levy* v. *Pallotti*, 133 Conn. 334, 343, 51 A.2d 136; *Norwalk* v. *Daniele*, 143 Conn. 85, 89,

119 A.2d 732. The following quotation from *Ellis v. Nevius Coal Co.,* 100 Kan. 187, 188, 163 P. 654, is apt: "While the expression 'legal adoption' has become common, it is really tautological. The full meaning would be expressed by the single word 'adoption,' because taking a child into a family and treating it as natural offspring is not adoption."

The determination that the interest of Dorothy A. Kissam was subject to taxation under class C rather than class A was correct.

There is no error.

In this opinion the other judges concurred.