388 P.2d 382

EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WISCONSIN,
Plaintiff-Counter-Defendant, Appellant-
Cross-Appellee,

v.

Dollie JARDE [Jared], Lucy B. Willman,
Donna Mae Willman, and Carol Jean Will-
man, Defendants-Counterclaimants, Appel-
lees-Cross-Appellants.

No. 7282.

Supreme Court of New Mexico.

Dec. 9, 1963.

Rehearing Denied Jan. 29, 1964.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque, for appellant.

Smith, Kiker & Ransom, Albuquerque, for appellees.

CHAVEZ, Justice.

Appellant brought an interpleader action alleging that it was the workmen's compensation insurer for Robert L. Grossman, d/b/a Grossman Drilling Company, and that one J. C. Willman was employed by said Grossman at the time he suffered an accident arising out of and in the course of his employment, which accident was the cause of Willman's death.

The complaint further alleged that, at the time of his death, Willman was divorced and that his children, Carol Jean and Donna Mae Willman, were in the custody of his former wife, Lucy B. Willman, and claimed that they are entitled to workmen's compensation benefits; that the deceased left surviving him his mother, Dollie Jared, and that she also is claiming that she is entitled to workmen's compensation benefits.

The complaint then states that appellant is in great doubt as to who is entitled to the compensation benefits on account of Willman's death, and requests that appellees be decreed to interplead and settle among themselves their claims to the compensation benefits due under the policy and deposited in the registry of the court.

The trial court entered an order appointing appellee, Lucy B. Willman, as guardian ad litem for the minor appellees, Carol Jean and Donna Mae Willman.

Answer was filed by appellees, denying that any one or more of them claim to be the sole beneficiary or beneficiaries entitled to compensation, and further alleging that the claims of Dollie Jared and Donna Mae Willman are not conflicting. Appellee, Carol Jean Willman, denied that she is claiming to be entitled to compensation. A counterclaim was also filed on behalf of Donna Mae Willman and Dollie Jared. Donna Mae Willman alleged that she is the natural child of deceased, under eighteen years of age. Dollie Jared alleged that she was the mother of the deceased and totally dependent upon him.

Appellant filed a reply to the counterclaim, reciting the previous payment of $1000 into the registry of the court and that subsequently an additional sum of $148 was paid into court.

Thereafter, appellees propounded interrogatories to appellant and appellant answered the same; likewise, stipulations were entered into between the parties.

The trial court made its findings of fact and conclusions of law and judgment was entered ordering payment to Donna Mae Willman in the sum of $31.36 per week from December 21, 1961, until she reached the age of 18 years or became self-supporting; ordering compensation payment to Dollie Jared in the sum of $166, representing compensation benefits at the rate of $6.64 per week for a period of 25 weeks from December 21, 1961, through June 14, 1962, and further that Dollie Jared was to recover compensation benefits at the rate of $6.64 per week, paid twice a month, from and after June 14, 1962, the same to continue for the period during which compensation benefits are paid to Donna Mae Willman; and upon termination of compensation payments to Donna Mae Willman, Dollie Jared to recover compensation benefits of $38 per week until such time as she had been paid maximum compensation in the sum of $5000.

Attorney's fees for appellees' counsel were set at $2000 and appellant was ordered to pay attorney's fees of $750 on behalf of Donna Mae Willman and $500 on behalf of Dollie Jared, the balance of the $2000 to be paid by appellees.

Appellant appeals from that part of the judgment decreeing recovery for Dollie Jared and from the trial court's order to pay attorney's fees. Appellees cross-appeal from that part of the judgment ordering them to pay $750 of the $2000 awarded as attorney's fees.

This appeal raises two issues to be decided by the court. The first issue, and a question of first impression in this state, is whether an award under the Workmen's Compensation Act in favor of a minor dependent child of the deceased will preclude a concurrent award in favor of the deceased's dependent mother, both awards

not exceeding the statutory limit of $38 per week. The second issue is whether attorney's fees for claimants' counsel may be apportioned between the claimants and the employer.

The question of concurrent death benefit payments to dependents under a Workmen's Compensation Act is usually dependent upon the wording of the statutes of the jurisdiction, 99 C.J.S., Workmen's Compensation, § 135, p. 458, and any consequent case law cited as authority must depend upon the wording of the statute to be persuasive. Appellees rely strongly upon the case of Patin v. T. L. James & Co., 218 La. 949, 51 So.2d 586, to support their position for proper awards of concurrent benefits. However, there the court interpreted specific language in the statute, not present in our law, to—

"distinguish between those persons wholly dependent and those partially dependent, compensating the former according to the schedule contained in sub-section (E) and providing benefits for the latter on the basis of the discussed formula and only after those wholly dependent have received their specified portions."

Appellant strongly contends that the case of United Employers Casualty Co. v. Duncan, (Tex.Civ.App.1941), 151 S.W.2d 354, stands for the contra proposition that concurrent awards are not proper. However,

under the Texas statutes and the interpretation of those statutes, such a death award is to be distributed under the statutes of descent and distribution, and before an award to a surviving brother can be upheld, the absence of a surviving wife or child must be pleaded and proved. Such a statute is clearly distinguishable from the New Mexico statute regarding the question of who shall receive the death benefits.

The pertinent provisions of the Workmen's Compensation Act governing death benefits, priorities, and sharing among multiple dependents, are set out in § 59–10–12 (j), N.M.S.A., 1953 Comp., as follows:

"(j) The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act.

"1. A child under eighteen [18] years of age or incapable of self-support and unmarried, actually dependent upon the deceased.

"* * * * *

"4. A parent or grandparent only if actually dependent, wholly or partially, upon the deceased.

"* * * * *

"The relation of dependency must exist at the time of the injury.

"6. Questions as to who constitute dependents, and the extent of their dependency, shall be determined as of the

date of the injury, and their right to any death benefit shall cease upon the happening of any one of the following contingencies:

"I. Upon the marriage of the widow or widower.

"II. Upon a child reaching the age of eighteen [18] years, unless said child at such time is physically or mentally incapacitated from earnings, or upon a dependent child becoming self-supporting prior to attaining said age.

"III. Upon the death of any dependent."

Section 59–10–18.7, N.M.S.A., 1953 Comp., provides in part as follows:

"59–10–18.7. Compensation benefits for death.—Subject to the limitation of compensation payable under subparagraph G of this section, if an accidental injury sustained by a workman proximately results in his death within the period of one [1] year following his accidental injury, compensation shall be paid in the amounts and to the persons entitled thereto, as follows:

" * * * *

"C. If there are eligible dependents entitled thereto, compensation shall be paid to the dependents or to the person appointed by the court to receive the same for the benefit of the dependents in such portions and amounts, subject to the maximum limitation of thirty-eight dollars ($38.00) a week, as the court, bearing in mind the necessities of the case and the best interests of the dependents and of the public may determine, to be computed and distributed as follows:

"(1) To the child or children, if there be no widow or widower entitled to compensation, twenty-five per cent [25%] of the earnings of the deceased, with ten per cent [10%] additional for each child in excess of two [2];

"(2) To the widow or widower, if there be no children, forty per cent [40%] of earnings;

"(3) To the widow or widower, if there be one [1] child, forty-five per cent [45%] of earnings;

"(4) To the widow or widower, if there be two [2] children, fifty per cent [50%] of earnings;

"(5) To the widow or widower, if there be three [3] children, fifty-five per cent [55%] of earnings;

"(6) To the widow or widower, if there be four [4] or more children, sixty per cent [60%] of earnings.

"D. If there be neither widow, widower, nor children, compensation may be paid to the father and mother or the survivor of them, if dependent to any extent upon the workman for support

at the time of the workman's death, twenty per cent [20%] of earnings, but not more than fourteen dollars ($14.00) a week, and in no event shall the maximum compensation to such dependents exceed the amounts contributed by the deceased workman for their care; Provided, that if the father and mother or the survivor of them shall have been totally dependent upon such workman for support at the time of the workman's death, he, she, or they shall be entitled to forty per cent [40%] of earnings.

"E. If there be neither widow, widower, nor children, nor dependent parent, then to the brothers and sisters, if actually dependent to any extent upon the deceased workman for support at the time of the workman's death, twenty-five per cent [25%] of earnings of the deceased workman with ten per cent [10%] additional for brothers and sisters in excess of two [2], with a maximum of sixty per cent [60%] of actual weekly earnings, and in no event shall the maximum compensation to partial dependents exceed the respective amounts contributed by the deceased workman for their care.

"F. In the event of the death or remarriage of the widow or widower entitled to compensation benefits as hereinabove provided, the surviving children shall then be entitled to compensation benefits computed and paid as provided in subparagraph C(1) of this section for the remainder of the compensable period.

"G. No compensation benefits payable by reason of a workman's death shall exceed the maximum of thirty-eight dollars ($38.00) a week and no dependent nor any class thereof, other than a widow, widower, or children, shall in any event be paid total benefits in excess of five thousand dollars ($5,000)."

Appellant contends that § 59–10–12(j), supra, when read with § 59–10–18.7, supra, creates mutually exclusive classes, and that an award to a member of a class in a higher priority excludes an award to a dependent in a lower priority, even though both awards may total less than $38, the maximum payable.

To support its position, appellant cites Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365, where the deceased left an actually dependent child by a previous marriage and an actually dependent surviving widow. The trial court awarded the maximum amount payable to a widow and one child, 45% of the earnings of the deceased workman, to be apportioned between the widow, who was to receive 40/65ths of the amount, and the child, who was to receive 25/65ths of the amount. This court, in affirming the trial court, said:

"The child here is not entitled to compensation in an amount equal to 25% of the earnings of the deceased for the obvious reason that the deceased left a widow. No specific amount is provided as compensation to be paid a child under such circumstances. If the child is entitled to anything as compensation separate from that of the widow it would be under subsection (a) (2) 3 of 57–918, supra, as modified (if it is) by the second paragraph of 57–918(a) (2) supra, which provides for a division of the compensation between those entitled to it."

This court then said:

" * * * We will not decide the question as to the rights of the child under the statute, as neither claimant raises it, if we assume that the amount of compensation for both is limited to 45% of the workman's wages, not to exceed $18 per week, as the trial court held. * * * "

Thus, it would seem that the Wilson case is not controlling, as appellant contends.

The question before us was before the Kansas court in the case of Winchester v. Stanton-Wallace Const. Co., 124 Kan. 458, 260 P. 614. The court there said, on a similar set of facts, that the only question presented was whether a judgment in favor of the minor child of the deceased precludes a judgment in favor of his mother. The Kansas statute provided:

"(j) 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family,' for the purpose of this act, means only widow or husband, as the case may be, and children; or if no widow, husband, or children, then parents or grandparents; or if no parents or grandparents, then grandchildren; or if no grandchildren, then brothers and sisters."

The Kansas court affirmed, holding that a judgment in favor of the minor child did not preclude the mother, first arriving at the amount of the deceased's average yearly earnings, and that the deceased's mother was entitled to 40% of such amount and the minor daughter to 60%.

In Arizona, the question of exclusive or cumulative benefits arose in the case of Ulbrich v. Tovrea Packing Co., 49 Ariz. 269, 66 P.2d 235. The court there held against concurrent benefits. The court cited the cases of Ex parte Todd Shipbuilding & Dry Docks Co., 212 Ala. 477, 103 So. 447, and the contrary position of Winchester v. Stanton-Wallace Const. Co., supra, and distinguished the two cases by saying:

" * * * Both decisions, however, were based on a provision not found in the law of Arizona, namely, that plac-

ing a maximum on the amount to be paid in death benefits, and in the absence of such a provision there is no basis for the contention that all classes, or more than one class, is entitled to death benefits, because it is apparent . that the amount paid to satisfy these might in many cases easily exceed the actual wages of the deceased, * * *."

New Mexico does have maximum death benefits in § 59–10–18.7, supra, and the cases of Ex parte Todd Shipbuilding & Dry Docks Co., supra, and Ulbrich v. Tovrea Packing Co., supra, are clearly distinguishable.

Thus, this court must determine, as did the court in Winchester v. Stanton-Wallace Const. Co., supra, the intent of the legislature to allow or prohibit concurrent payments.

▬▬ In § 59–10–18.7(F), supra, successive benefits are permitted to the children of the deceased, should the widow or widower remarry. Furthermore, § 59–10–18.7(G), supra, provides that payments shall not exceed the maximum of $38 a week, and that no dependent nor any class thereof, other than a widow, widower, or children, shall be paid total benefits in excess of $5000. This would seem to indicate that the intent of the legislature was to create at least two and possibly three classes: The class of dependent widow, widower, or children, § 59–10–18.7(C) supra; the class

of dependent father and mother or the survivor thereof, § 59–10–18.7(D) supra; and possibly the class of dependent brother and sister, § 59–10–18.7(E) supra. Section 59–10–13.6, N.M.S.A., 1953 Comp., requires that notice be filed with the employer within the limits set by § 59–10–13.4, N.M.S.A., 1953 Comp., and that the claim must be filed by or on behalf of eligible dependents within one year. This statute of limitations is not tolled for a minor dependent, Selgado v. New Mexico State Highway Department, 66 N.M. 369, 348 P.2d 487; nor where it has run on the workman may it be revived in favor of the children at the workman's death, Sanchez v. Bernalillo County, 57 N. M. 217, 257 P.2d 909; and the claimant must bring himself strictly within the limitations, Swallows v. City of Albuquerque, 61 N.M. 265, 298 P.2d 945. Thus, the claim is lost by failure to file as provided by statute and further, by § 59–10–12(j) (6), supra, the legislature provided that dependency and its extent are to be determined as of the date of injury, and upon the happening of certain contingencies the right to any death benefits shall cease, i. e., upon the marriage of the widow or widower, upon the child reaching the age of 18 or becoming self-supporting, or upon the death of any dependent. Assuming that a widow and a mother are dependent upon the date of the accident, both may file claims. The widow thereafter remarries or dies, after she filed a claim and before a hearing. Un-

der appellant's contention of mutually exclusive classes, the mother would be barred. May it be said that the legislature intended that the mother's claim would be forever barred? We think not. See, Zachery v. Royal Indemnity Co., 80 Ga.App. 659, 56 S.E.2d 812.

We are bolstered in our conclusion by the language of § 59–10–18.7(C), quoted supra. It is clear from the language used that payments are to be made to several dependents in "portions and amounts" as should be determined by the court, with consideration being given to "the necessities of the case and the best interests of the dependents and of the public." This is followed by six subheadings describing percentages of earnings to be paid to various dependents. By examining § 59–10–18, N.M.S.A., 1953 Comp., as it existed prior to its amendment and revision in 1959, we see that what now are sub-headings D, E and F, previously appeared as subheading (7) under the language now found in C. We are impressed that the purpose of the legislature in its enactment of § 59–10–18.8, N.M.S.A., 1953 Comp. (Ch. 67, §§ 19–26, inc., N.M.S.L.1959), was to divide into manageable provisions what was previously an unreasonably long, involved and cumbersome section. We do not see in § 59–10–18.7, supra, any legislative purpose to make any fundamental or basic changes in the law as it existed, but rather an effort to make it more readable and understandable.

This being true, it becomes clear that the provision for payment to a dependent mother in D is included within the language of C, quoted supra, providing for payment to several dependents in various classifications following, now numbered (1) to (6) and D, E and F, but previously being numbered (1) to (7), and that the trial court was correct in its conclusion that payments to the dependent minor daughter did not foreclose the right of the dependent mother, so long as the total payments did not exceed the maximum provided in the section. The result thus reached is in conformity with the beneficent purposes sought by the Workmen's Compensation Act, and results from a liberal interpretation to accomplish these ends—a doctrine to which we are committed. Wilson v. Rowan Drilling Co., supra; Langley v. Navajo Freight Lines, Inc., 70 N.M. 34, 369 P.2d 774. The reasoning in Winchester v. Stanton-Wallace Const. Co., supra, is most convincing and we adopt it and conclude, as did the Kansas court, that the payment of compensation to the dependent daughter did not preclude the rights of the dependent mother.

In regard to appellant's contention, that the finding of dependency of the mother was not supported by substantial evidence, it has been held that the right to compensation, based upon an agreement to keep house for the deceased and resulting in total dependency, is not affected by the ability of the defendant to support herself. Peterson

v. Industrial Accident Commission, 188 Cal. 15, 204 P. 390; In re Lanman, 65 Ind.App. 636, 117 N.E. 671; Meyler v. Mayor and City Council of Baltimore, 179 Md. 211, 17 A.2d 762; Janesville Sand & Gravel Co. v. Industrial Commission, 197 Wis. 421, 222 N. W. 317.

 Further, it is settled in New Mexico that the test for dependency is whether the deceased employee had actually contributed to claimant's support, and whether they relied upon such earnings in whole or in part for their livelihood. Ferris v. Thomas Drilling Company, 62 N.M. 283, 309 P.2d 225. The evidence of record amply supports the trial court's finding that the deceased's mother, Dollie Jared, was dependent upon his earnings for food, shelter and other necessities of life.

In regard to the question of apportionment of attorney's fees, we must first decide if it was proper to award attorney's fees and, if so, was the money paid into the court registry in an interpleader action an offer sufficient under the statute, § 59–10–23(D), N.M.S.A., 1953 Comp., and, if not, may the court apportion claimant's attorney's fees between the claimant and the employer.

 It is settled law in this state that attorney's fees may only be awarded when there has been a recovery of compensation by the claimant. Pate v. Makin Drilling Company, 66 N.M. 402, 349 P.2d 121; Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524. Therefore, claimants, by receiving an award, are entitled to have attorney's fees awarded to them, if the award exceeds the amount offered by the employer. Appellant paid into the registry of the court the sum of $1,000 on January 16, 1962, and $148 on April 23, 1962, making a total of $1,148. The judgment of the trial court provided that an award be made for the 25 weeks, between the death of the workman and the entry of the judgment, to both the minor child in the amount of $784 and to the dependent mother in the amount of $166, and a further award of $350 for funeral expenses, totaling $1,350, an amount greater than that paid into court for both claimants.

We do not decide whether or not attorney's fees could be assessed against the employer and his insurer, if in fact all amounts determined to be due under the law had been tendered into court, and the only question present was, who should receive it. See, Texas Employers' Ins. Ass'n v. Vigil (Tex. Civ.App.1954), 267 S.W.2d 919. In the instant case, aside from the amount paid into court being inadequate, the employer and insurer were asserting an absence of liability to the mother, and so far as we can determine never, either before or after filing the interpleader, actually offered to the daughter the amount to which she was entitled. Under the rule (§ 21–1–1(22), N. M.S.A., 1953 Comp.), this is permissible,

although such procedure differs from a true interpleader. See, 2 Barron and Holtzoff, Federal Practice and Procedure, §§ 551, 555, 556; 3 Moore's Federal Practice, Ch. 221. The employer and insurer were resisting the claim of the mother and had not paid the daughter. This was just as surely a refusal of compensation as would be present if, after denial of liability, claimant had brought suit, in which event, upon being determined to be entitled to compensation, attorney's fees would be fixed by the court under the provisions of § 59–10–23(D), supra. It was proper for the court to award attorney's fees.

Since attorney's fees were properly awarded, the question of apportionment must now be decided. We hold that the apportionment by the trial court, between the claimants and the employer or his insurance carrier, was improper. The statute, § 59–10–23(D), supra, provides:

"* * * then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same or the Supreme Court upon appeal in such amount as the court may deem reasonable and proper and when so fixed and allowed by the court shall be paid by the employer in addition to the compensation allowed the claimant under the provisions of the Workmen's Compensation Act; * * *."

The judgment of the district court is affirmed, except for that part thereof which adjudges that appellees and cross-appellants pay $750 of their attorney's fees. The cause is remanded to the district court with direction to enter judgment not inconsistent with the views herein expressed.

Attorney's fees for appellees' and cross-appellants' attorneys are fixed in the sum of $750 on this appeal.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.